Brenda J. Lyttle
Wyoming Bar Number 6-3318
Law Offices of Robert S. Gitmeid & Associates, PLLC
1623 Central Ave., Suite 113
Cheyenne, Wyoming 82001
(307) 477-0503
brenda.l@gitmeidlaw.com
Attorney for the Plaintiff

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2022 MAR 16  PM 3:44
MARGARET BOTKINS, CLERK
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BRYAN VASS, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action Case No. 22-CV-56-S |
| CACH, LLC | ) |
| RESURGENT CAPITAL SERVICES L.P., | ) |
| MACHOL & JOHANNES, LLC, and | ) |
| GURSTEL LAW FIRM, P.C. | ) |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, BRYAN VASS (hereinafter "PLAINTIFF"), by and through his attorneys, the Law Offices of Robert S. Gitmeid & Associates, PLLC, by way of Complaint against CACH, LLC ("CACH"), RESURGENT CAPITAL SERVICES ("Resurgent"), MACHOL & JOHANNES, LLC ("Machol & Johannes") and GURSTEL LAW FIRM, P.C. ("Gurstel"), (together, "DEFENDANTS"), hereby alleges:

1. This is an action for damages brought by an individual for DEFENDANTS' violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter "FDCPA"),

and breach of contract. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## I. PARTIES, JURISDICTION AND VENUE

2. PLAINTIFF, BRYAN VASS, is an adult residing in Gillette, Wyoming.

3. PLAINTIFF is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4. DEFENDANT CACH, LLC, is a business entity which is regularly engaged in the business of collecting consumer debt and has its principal place of business located at 55 Beattie Place, Suite 110, Greenville SC 29601.

5. DEFENDANT Resurgent Capital Services L.P. is a business entity which is regularly engaged in the business of collecting consumer debt and has its principal place of business located at 55 Beattie Place, Suite 110, Greenville SC 29601.

6. DEFENDANT Machol & Johannes, LLC, is a professional corporation which is regularly engaged in the business of collecting consumer debt and has its principal place of business located at 700 17th Street, Suite 200, Denver, CO 80202.

7. DEFENDANT Gurstel Law Firm, P.C., is a professional corporation which is regularly engaged in the business of collecting consumer debt and has its principal place of business located at 6681 Country Club Drive, Golden Valley, MN 55427.

8. DEFENDANT CACH, LLC, is a "debt collector(s)" as defined by 15 U.S.C. § 1692a(6).

9. DEFENDANT Resurgent Capital Services L.P. is a "debt collector(s)" as defined by 15 U.S.C § 1692a(6).

10. DEFENDANT Machol & Johannes, LLC, is a "debt collector(s)" as defined by 15 U.S.C. § 1692a(6).

11. DEFENDANT Gurstel Law Firm, P.C., is a "debt collector(s)" as defined by 15 U.S.C. § 1692a(6).

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. The Court has supplemental jurisdiction for any state claims contained within under 28 U.S.C. § 1367.

13. The Court's exercise of personal jurisdiction over DEFENDANTS is valid because a substantial part of the events and omissions giving rise to PLAINTIFF's claim occurred within the Court's jurisdiction.

14. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2).

## II. FACTUAL ALLEGATIONS

15. On or about December 5, 2018, PLAINTIFF entered into a settlement agreement with Frontline Asset Strategies ("Frontline"), on behalf of DEFENDANT CACH, LLC, to settle and close PLAINTIFF's Webbank account ending in 2605.

16. Pursuant to the terms of the settlement agreement, PLAINTIFF was required to make twelve (12) payments totaling the agreed settlement balance of $5,000.00.

17. On November 1, 2019, PLAINTFF completed making all twelve (12) payments totaling $5,000.00. All twelve (12) payments cleared and posted. Proof of payments are attached hereto as **Exhibit A**.

18. On April 2, 2020, Frontline communicated to PLAINTIFF that they could not provide a paid in full letter because his account was transferred to DEFENDANT Resurgent in February 2020.

19. DEFENDANT CACH, LLC, failed to communicate to DEFENDANT Resurgent that PLAINTIFF's Webbank account ending in 2605 was in fact paid in full and settled.

20. On April 6, 2020, DEFENDANT Resurgent Capital Services, L.P. communicated to PLAINTIFF that his account was placed with DEFENDANT Machol & Johannes, LLC.

21. DEFENDANT CACH, LLC failed to communicate to DEFENDANT Machol & Johannes, LLC that PLAINTIFF's Webbank account ending in 2605 was in fact paid in full and settled.

22. On June 15, 2020, DEFENDANT Machol & Johannes, LLC, filed a lawsuit against PLAINTIFF on behalf of DEFENDANT CACH, LLC. In it, DEFENDANT Machol & Johannes, LLC, alleges that PLAINTIFF is in default as it pertains to his Webbank account ending in 2605 and requested damages in the amount of $8,924.97. A copy of the lawsuit is attached hereto as **Exhibit B**.

23. On December 11, 2020, PLAINTIFF called DEFENDANT Machol & Johannes, LLC, and requested that the settlement agreement between Frontline and PLAINTIFF be honored. DEFENDANT Machol & Johannes, LLC, refused to honor PLAINTIFF's settlement agreement.

24. On September 14, 2021, DEFENDANT Machol & Johannes, LLC, filed a Motion for Default Judgment against PLAINTIFF. **Exhibit C**

25. On November 3, 2021, an order for Default Judgment was granted against PLAINTIFF in the amount of $9,034.97. **Exhibit D**

26. On November 11, 2021, PLAINTIFF's counsel sent a letter to DEFENDANT Machol & Johannes, LLC, outlining the issue, requesting to amicably resolve this matter and requested communication. **Exhibit E**

27. On December 8, 2021, DEFENDANT Machol & Johannes, LLC, requested proof of payments which DEFENDANT's counsel provided the same day. **Exhibit A**.

28. On December 10, 2021, PLANTIFF's counsel provided proof of payments to DEFENDANT Machol and Johannes, LLC, a second time. **Exhibit A**.

29. Between December 22, 2021, and January 12, 2022, counsel for PLAINTIFF emailed DEFENDANT Machol & Johannes, LLC, three (3) times to follow up on his account.

30. On January 13, 2022, DEFENDANT Machol & Johannes, LLC, communicated to PLAINTIFF's counsel that his account may have been transferred to a different office.

31. On January 19, 2022, DEFENDANT Machol & Johannes, LLC, confirmed that PLAINTTIFF's account, along with the aforementioned proof of payments and correspondence was transferred to DEFENDANT Gurstel Law Firm, P.C..

32. On February 2, 2022, PLAINTIFF's counsel sent an additional letter to DEFENDANT Gurstel Law Firm, P.C. outlining the issue, requesting to settle the matter amicably and requested to communicate further. **Exhibit F**

33. On February 8, 2022, DEFENDANT Gurstel Law Firm, P.C. requested a copy of the settlement agreement.

34. On February 10, 2022, PLAINTIFF provided DEFENDANT Gurstel Law Firm, P.C. a recording of the settlement agreement for PLAINTIFF's Webbank account ending in 2605.

35. On numerous occasions DEFENDANTS, in spite of the proof that all twelve (12) payments were made on this agreement, refuses to recognize that the account has been paid in full.

36. At all times pertinent hereto, DEFENDANTS acted by and through their agents, servants and/or employees, who were acting within the scope and course of its employment, and under the direct supervision and control of the DEFENDANTS herein.

37. At all times pertinent hereto, the conduct of DEFENDANTS, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the PLAINTIFF herein.

### III. CAUSE OF ACTION

### VIOLATIONS OF THE FDCPA

38. PLAINTIFF reasserts and incorporates herein by reference all facts and allegations set forth above.

39. The above contacts between DEFENDANT CACH, LLC, and PLAINTIFF constitute "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

40. The above contacts between DEFENDANT Resurgent Capital Services L.P. and PLAINTIFF constitute "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

41. The above contacts between DEFENDANT Machol & Johannes, LLC, and PLAINTIFF constitute "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

42. The above contacts between DEFENDANT Gurstel Law Firm, P.C., and PLAINTIFF constitute "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

43. FDCPA 15 U.S.C. § 1692(f) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character,

amount, or legal status of any debt. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

44. DEFENDANTS CACH, LLC, and Resurgent Capital Services L.P. engaged in abusive, deceptive, and unfair collection practices where they falsely misrepresent the character of the debt as active and not settled.

45. DEFENDANTS CACH, LLC, and Machol & Johannes, LLC, engaged in abusive, deceptive, and unfair collection practices where they refused to honor a valid settlement agreement.

46. DEFENDANTS CACH, LLC, and Machol & Johannes, LLC, engaged in abusive, deceptive, and unfair collection practices where they misrepresented the debt by failing to close the account as settled and paid in full.

47. DEFENDANTS CACH, LLC, and Machol & Johannes, LLC, engaged in abusive, deceptive, and unfair collection practices where they falsely represent the character of the debt as active.

48. DEFENDANTS CACH, LLC, and Machol & Johannes, LLC, engaged in abusive, deceptive, and unfair collection practices where they filed a lawsuit and subsequent motion for Default Judgment against PLAINTIFF attempting to collect on a settled paid in full account.

49. DEFENDANTS CACH, LLC, and Machol & Johannes, LLC, engaged in abusive, deceptive, and unfair collection practices where they refuse to file a satisfaction of judgment on a paid in full account.

50. DEFENDANTS CACH, LLC, and Machol & Johannes, LLC, engaged in abusive, deceptive, and unfair collection practices where they misrepresented the debt amount as $8,924.97.

51. DEFENDANT Gurstel Law Firm, P.C., engaged in abusive, deceptive, and unfair collection practices where DEFENDANT Gurstel Law Firm, P.C., refused to honor a valid settlement agreement.

52. DEFENDANT Gurstel Law Firm, P.C., engaged in abusive, deceptive, and unfair collection practices where DEFENDANT Gurstel Law Firm, P.C., falsely represent the character of the debt as active.

53. DEFENDANTS knew or should have known that their actions violated the FDCPA. Additionally, DEFENDANTS could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review their actions to ensure compliance with said laws

54. As a result of the above violations of the FDCPA, DEFENDANTS are liable to PLAINTIFF for actual damages, statutory damages, attorney's fees and costs.

## IV. CAUSE OF ACTION

## BREACH OF CONTRACT

55. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

56. On or about December 5, 2018, PLAINTIFF entered into a settlement agreement with Frontline Asset Strategies ("Frontline"), on behalf of DEFENDANT CACH, LLC, to settle and close PLAINTIFF's Webbank account ending in 2605.

57. Pursuant to the terms of the settlement agreement, PLAINTIFF was required to make twelve (12) payments totaling the agreed settlement balance of $5,000.00.

58. On November 1, 2019, PLAINTFF completed making all twelve (12) payments totaling $5,000.00. All twelve (12) payments cleared and posted. Proof of payments are attached hereto as **Exhibit A**.

59. DEFENDANT CACH, LLC's actions constitute a breach of contract where they failed to consider the account paid in full and closed in their office despite PLAINTIFF having made all twelve (12) payments as per the terms of the agreement.

60. DEFENDANT Resurgent Capital Services L.P.'s actions constitute a breach of contract where they failed to consider the account paid in full and closed in their office despite PLAINTIFF having made all twelve (12) payments as per the terms of the agreement.

61. DEFENDANT Machol & Johannes, LLC's actions constitute a breach of contract where they failed to consider the account paid in full and closed in their office despite PLAINTIFF having made all twelve (12) payments as per the terms of the agreement.

62. DEFENDANT CACH LLC's actions constitute a breach of contract where they failed to communicate to DEFENDANT Resurgent Capital Services L.P. and DEFENDANT Machol & Johannes, LLC, that PLAINTIFF's Webbank account ending in 2605 was in fact settled when they placed PLAINTIFF's account in their office.

63. DEFENDANTS CACH, LLC, and Machol & Johannes, LLC's actions constitute a breach of contract where they pursued collection activity and filed a lawsuit and subsequent motion for Default Judgment against PLAINTIFF on his Webbank account that was paid in full as per the terms of the settlement agreement.

64. DEFENDANTS CACH, LLC, and Machol & Johannes, LLC's actions constitute a breach of contract where they refuse to file a satisfaction of judgment on this paid in full account.

65. As a result of DEFENDANTS' breach of contract, PLAINTIFF has suffered actual and monetary damages.

## V. DAMAGES

WHEREFORE, PLAINTIFF demands that judgment be entered against DEFENDANTS as follows:

1) That judgment be entered against DEFENDANTS for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2) That judgment be entered against DEFENDANTS for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4) That judgement be entered against DEFENDANT CACH, LLC, for actual and monetary damages accrued by PLAINTIFF as a result of DEFENDANT CACH, LLC, DEFENDANT Resurgent Capital Services L.P. and DEFENDANT Machol & Johannes, LLC's breach of contract; and

5) That the Court grant such other and further relief as may be just and proper.

Respectfully submitted this 16th day of March, 2022.

By: _____
Brenda J. Lyttle, Wyoming Bar # 6-3318
Tel. (307) 477-0503
Email: brenda.l@gitmeidlaw.com
Attorney for the Plaintiff